# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05CR12-2

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **ANTHONY DARRIN WIGGINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on August 1, 2005 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney William Andrew Jennings, and that the Government was present through Assistant United States Attorney, Jill Westmoreland Rose, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on August 1, 2005.

The records show that the defendant was charged in a Bill of Indictment filed on February 8, 2005 as follows:

Count One: Conspiracy to manufacture methamphetamine, Count Two: Carrying a firearm during and in relation to a drug trafficking crime. A hearing was held in regard to the detention of

the defendant on February 18, 2005. On that date, the undersigned entered an order releasing the defendant on a $10,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of Federal, State or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(o) Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Office of Probation and Pretrial Services at the defendant's expense.

On June 6, 2005, the defendant advised the United States Probation Office that he had used methamphetamine on or about June 5, 2005. On July 19, 2005, the defendant advised the United States Probation Office that he used methamphetamine intravenously on July 16, 2005. The defendant has also admitted that he failed to comply with court ordered substance abuse treatment.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
(A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any
other condition of release; and
(2) finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person will
not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination

> of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a Federal and State crime while on release. The defendant possessed methamphetamine on two occasions so that he could consume that substance. That possession violated both Federal and State law. The consumption of methamphetamine is a misdemeanor under Federal law. 21 U.S.C. § 844 The consumption of methamphetamine is a felony under State law. N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a State felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant has violated the term and condition that states that he shall not commit any offense in violation of Federal, State or local law while on release in regard to this case. The possession and consumption of methamphetamine are violations of Federal and State law. The defendant further violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing methamphetamine which is a drug which is not prescribed by a licensed medical practitioner. The defendant has further violated the

3

terms and conditions of his pretrial release in that he has refused to comply with court ordered substance abuse treatment.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is Ordered that the defendant be detained pending sentencing and further proceedings in this matter.

**Signed: August 16, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge